LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
271 Madison Avenue, Suite 1403
New York, New York 10016
Tel.: 212-576-1857
Fax: 212-576-1888
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SIMON GRULLON, on behalf of himself and others similarly situated,

    Plaintiff,

v.

MANUEL ANTONIO LIBERATO d/b/a LIBERATO RESTAURANT

    Defendant.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**



Received OCT 15 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, SIMON GULLON ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Complaint against Defendant, MANUEL ANTONIO LIBERATO d/b/a LIBERATO RESTAURANT ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendant: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties, (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SIMON GRULLON, is a resident of Bronx County, New York.

6. Upon information and belief, Defendant, MANUEL ANTONIO LIBERATO owns and operates a restaurant called "LIBERATO PIZZA" located at 1 W. 183rd Street & Jerome Avenue, Bronx, New York, 10453.

7. MANUEL ANTONIO LIBERATO exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. With respect to Plaintiff and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

8. At all relevant times, Defendant, MANUEL ANTONIO LIBERATO d/b/a LIBERATO RESTAURANT, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant.

10. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

11. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

12. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. In or about June 14, 2003, Plaintiff, SIMON GRULLON, was hired by Defendant to work as a delivery person for Defendant's "Liberato Restaurant", a food/beverage establishment located at 1 W. 183rd Street & Jerome Avenue, Bronx, New York, 10453.

15. Plaintiff, SIMON GRULLON, worked for Defendant until in or about April 2, 2013.

16. During the employment of Plaintiff, SIMON GRULLON, by Defendant, he worked over forty (40) hours per week. During SIMON GRULLON'S employment by Defendant, he often worked over ten (10) hours per day.

17. On average, SIMON GRULLON worked 6 days a week and for 12 hours per day. SIMON GRULLON received an hourly rate of $5 for all hours worked including those past 40 in a workweek.

18. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

19. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

20. Defendants knowingly and willfully operated its business with a policy of not paying the New York State "spread of hours" premium to Plaintiff.

21. Defendants knowingly and willfully operated its business with a policy of not providing a proper wage statement to Plaintiff and other similarly situated employees, in violation of the New York Labor Law. In fact, Plaintiff did not receive any wage statements during his period of employment with Defendants.

22. Defendant took an improper tip credit with respect to Plaintiff and all other tipped employees of the Defendant given Defendant's failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, and (iii) provide proper wage statements to employees showing deductions, as required under New York State law.

23. Plaintiff retained Law Offices of Robert L. Kraselnik, PLLC to represent him and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff realleges and reavers Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

26. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, Defendant, MANUEL ANTONIO LIBERATO d/b/a LIBERATO RESTAURANT, had gross annual revenues in excess of $500,000.

28. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

29. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

30. Plaintiff worked hours for which he was not paid the statutory minimum wage.

31. At all relevant times, the Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

32. Defendant failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

33. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

34. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

35. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff minimum wages for hours worked when Defendant knew or should have known such was due.

36. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

38. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages in an amount not presently of ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

39. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

42. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

43. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

44. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday exceeding ten (10) or more hours.

45. Defendant knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other similarly situated employees, in violation of the New York Labor Law.

46. Due to the Defendant's New York Labor Law violations Plaintiff is entitled to recover from Defendant his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and minimum wages pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 8, 2013

                               Respectfully submitted,

                               LAW OFFICES OF
                               ROBERT L. KRASELNIK, PLLC
                               Robert L. Kraselnik (RK 0684)
                               271 Madison Avenue, Suite 1403
                               New York, NY 10016
                               Tel.: 212-576-1857
                               Fax: 212-576-1888
                               *Attorney for Plaintiff*

By: _____
        ROBERT KRASELNIK (RK 0684)